DECISION AND JUDGMENT ENTRY
{¶ 1} Russell Cayce Beardsley appeals from his sentence on charges of drug trafficking and possession of heroin. Appellant argues that the trial court erred in failing to include the findings required by R.C.2929.14(B)(2) for imposing longer than the minimum terms of incarceration in its sentencing entry, and that the record does not support the prison term imposed by the trial court. We conclude that the trial court complied with R.C. 2929.14(B)(2) by making the requisite findings at the sentencing hearing and that the court was not required to reiterate those findings in its sentencing entry. We further conclude that the record supports the sentence imposed by the trial court. Thus, we overrule Appellant's assigned error and affirm Appellant's sentence.
 {¶ 2} In June 2002, a grand jury indicted Appellant on three counts of trafficking in drugs in violation of R.C. 2925.03(A)(1) 
(C)(6)(a), fifth degree felonies; one count of possession of drugs in violation of R.C. 2925.11(A) (C)(6)(b), a fourth degree felony; one count of possession of drugs in violation of R.C. 2925.11(A) 
(C)(4)(a), a fifth degree felony; and one count of possession of drugs in violation of R.C. 2925.11(A) (C)(1)(A), a fifth degree felony. Subsequently, Appellant pled guilty to one count of trafficking in drugs, a fifth degree felony, and one count of possession of heroin, a fourth degree felony. The State dismissed the remaining charges against Appellant under a plea agreement. The following facts relate to the charges to which Appellant pled guilty.
 {¶ 3} Officers of the Washington County Sheriff's Department surrounded Appellant's residence for purposes of executing a previously obtained search warrant. The Sheriff's Department intended to execute the search warrant after making a controlled drug buy from Appellant through a confidential informant. As the confidential informant was leaving Appellant's residence after purchasing heroin from him, a vehicle driven by Ben Coffman arrived at the residence. Coffman entered the house and, upon his return to his vehicle, members of the Sheriff's Department stopped Coffman and determined that he too had purchased heroin from Appellant. At approximately the same time, Appellant exited his home and the officers apprehended him and searched the residence. In addition to the heroin that Appellant sold to the confidential informant and Coffman, the officers found four packets of heroin on Appellant's person and learned that Appellant had provided one packet of heroin to his girlfriend. While executing the search warrant, the officers discovered cocaine, hydrocodone and drug paraphernalia inside Appellant's residence. Appellant's guilty pleas related to his sale of heroin to Coffman and the possession of the heroin.
 {¶ 4} In December 2002, Appellant appeared before the Washington County Court of Common Pleas for sentencing. The court sentenced Appellant to eleven months incarceration and a fine of one thousand two hundred and fifty dollars ($1,250.00) for the trafficking offense, and seventeen months incarceration and a fine of two thousand five hundred dollars ($2,500.00) for the possession offense.[1] The court ordered the sentences to be served consecutively. Appellant subsequently filed a "Motion to Consider" asking the trial court to modify his sentences to run concurrently rather than consecutively. The court granted this motion and, in January 2002, issued its sentencing entry from which Appellant timely appealed. Thereafter, the trial court issued an amended sentencing entry and Appellant filed an amended notice of appeal.
 {¶ 5} R.C. 2953.08(A)(4) provides for an appeal if a sentence is contrary to law. If we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law, we may increase, reduce, modify or vacate the sentence. R.C.2953.08(G)(1). In this context, we do not substitute our judgment for that of the trial court nor do we simply defer to its discretion. Statev. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we will look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support those findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody
(Aug. 5, 1998), Meigs App. No. 97CA11, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16. In his sole assignment of error, Appellant asserts that the trial court erred in imposing a sentence of incarceration which exceeds the minimum possible sentence.
 {¶ 6} Appellant notes, and the State agrees, that R.C. 2929.13(C) applies here. R.C. 2929.13(C) states that:
"* * * in determining whether to impose a prison term as a sanction for a * * * felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." This section provides no presumption either in favor of or against imprisonment. State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521. However, the court is required to consider the general principles and guidelines of Ohio sentencing law, including the dual purposes of sentencing set forth in R.C. 2929.11 — to punish the defendant and to protect the public from future crimes. Id. The court must also choose a sentence that is commensurate with, and not demeaning to, the seriousness of the crime. Id., citing R.C. 2929.11(B). The court is then required to consider the seriousness and recidivism factors in R.C. 2929.12
to determine how to accomplish the purposes of R.C. 2929.11. R.C. 2929.12
guides the sentencing court in its decision whether to imprison an offender. Id.
 {¶ 7} Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(b). See, also, State v. Edmonson, 86 Ohio St.3d 324, 325,1999-Ohio-110, 715 N.E.2d 131. However, even when the offender has not previously served a prison term, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B)(2); Edmonson,86 Ohio St.3d at 325. The trial court is not required to give specific reasons for its finding that the minimum prison term is inappropriate. Edmonson, 86 Ohio St.3d 324, syllabus. But, it must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. Edmonson, 86 Ohio St.3d at 326.
 {¶ 8} Here, Appellant does not argue that the court erred in imposing a term of incarceration, but contends that the court should have imposed the minimum term of imprisonment because he has not previously served a prison term. Appellant concedes that the court made the requisite finding that "the shortest prison term possible would demean the seriousness of this offense and not adequately protect the public" at the sentencing hearing. (Tr. at p. 57.) However, Appellant argues that the court erred in failing to include this language in the sentencing entry.
 {¶ 9} We disagree. While we agree that the better practice is for the trial court to include its findings in the sentencing entry itself, if the sentencing entry does not contain the required findings, we will consult the transcript of the sentencing hearing to ensure that the trial court complied with the felony sentencing guidelines. See State v.Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. The trial court was not required to articulate this finding both at the hearing and in the sentencing entry.
 {¶ 10} Next, Appellant contends that the record does not support the trial court's finding that "the shortest prison term possible would demean the seriousness of this offense and not adequately protect the public" or the sentence which was imposed. Appellant argues that the court erred in relying on the fact that two Marietta drug users had died from heroin overdoses in sentencing Appellant as he was not responsible for providing the heroin which caused their deaths. Appellant further argues that the seriousness and recidivism factors weigh in favor of a shorter prison sentence. Specifically, Appellant notes that he sold drugs only to feed his own addiction, that he has sought treatment for his addiction since his arrest, and that he has moved out of the area so as to avoid the temptation of returning to his former lifestyle.
 {¶ 11} We commend Appellant's actions to turn his life around but find that the record supports the trial court's findings and the sentence it imposed. As the trial court noted, Appellant had two juvenile adjudications for operating a motor vehicle under the influence, and adult convictions for driving while under the influence and driving under suspension. Appellant also has a long pattern of drug and alcohol abuse. Further, Appellant admitted that for approximately six months he obtained drugs in Columbus and redistributed them in Marietta. Therefore, the court's finding that Appellant was involved in organized criminal activity also supports a longer than the minimum sentence.[2]
 {¶ 12} Moreover, we disagree with Appellant's contention that the court erred in referring to the death of two heroin addicts at Appellant's sentencing despite his lack of involvement in their deaths. In referring to the deaths, the court was simply asserting that the sale of heroin in Marietta has had deadly consequences and poses a tremendous threat to the community. The trial judge clearly stated that he did not attribute responsibility for the deaths to Appellant, but alluded to them simply to demonstrate the seriousness of Appellant's actions.
 {¶ 13} Because we conclude that the trial court made the necessary findings prior to sentencing Appellant to longer than the minimum term of incarceration and that the record supports such a sentence, we overrule Appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.
[1] Trafficking in drugs, a fifth degree felony, is punishable by 6, 7, 8, 9, 10, 11 or 12 months incarceration. Possession of drugs, a fourth degree felony, is punishable by 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months incarceration.
[2] Appellant correctly notes that on page 54 of the transcript the court stated that, "[c]learly, this gentlemen wasn't involved in organized criminal activity." However, this appears to be a misstatement on the trial court's part. In the sentencing entry and in other portions of the transcript, the trial court expresses its view that Appellant was, in fact, engaged in organized criminal activity and the record supports this conclusion.